STATE v. JOHN FENNER.

(Filed 25 February, 1914.)

1. Criminal Law — Sodomy—Crime Against Nature—Attempt—Interpretation of Statutes.

While the unnatural intercourse between male and male in the manner described in this case does not come within the definition of sodomy, it is forbidden by our statute, Revisal, sec. 3349, as a "crime against nature," and is an indictable offense; and an attempt to commit it is punishable under Revisal, sec. 3269.

2. **Verdicts, Special—Inferences—Trials—Questions for Jury—Appeal and Error.**

It is for the jury to draw inferences from the facts found or agreed upon, and not for the courts; and a special verdict, is defective which contains merely a recital of evidence of a circumstantial nature, and on appeal therefrom a new trial will be ordered.

APPEAL by defendant from *Peebles, J.,* at November Term, 1913, of HALIFAX.

This is an indictment charging the defendant with the crime against nature, in that he had carnal knowledge of a male person.

The evidence tends to prove an attempt on the part of the defendant by inserting his private parts in the mouth of the male. There was a special verdict which consists in a recital of the evidence, which the jury finds to be true.

His Honor held that the defendant was not guilty, and the State appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*W. E. Daniel for defendant.*

ALLEN, J. In the early English case of *Rex v. Jacobs,* Russell and Ryan's Crown Cases, 331, it was held that inserting the private parts in the mouth was not sodomy, and most of the text-writers, relying on that authority, so declare. The courts of California and Texas also follow this statement of the law. *People v. Boyd,* 116 Cal., 658; *Prindle v. State,* 31 Tex. Cr. R., 551.

The term sodomy is not used in our statute, but the crime denounced by section 3349 of the Revisal is the "crime against nature," which are words of broader import, and are sufficiently comprehensive to include the conduct of the defendant.

The question was considered by the Supreme Court of Georgia in *Herring v. State,* 119 Ga., 720, under a statute defining "sodomy" "as the carnal knowledge and connection against the order of nature, by man with man, or in the same unnatural

manner with woman," and it was held to be immaterial whether the penetration was through the mouth or *per anum*. The Court said: "It is also to be noted that there is no limitation as to the means by which this crime may be committed. After much reflection, we are satisfied that if the baser form of the abominable and disgusting crime against nature, *i. e.,* by the mouth, had prevailed in the days of the early common law, the courts of England could well have held that that form of the offense was included in the current definition of the crime of sodomy. And no satisfactory reason occurs to us why the lesser form of this crime against nature should be covered by our statute and the greater excluded, when both are committed in a like unnatural manner, and when either might well be spoken of and understood as being 'the abominable crime not fit to be named among Christians.' We therefore think that it made no difference in this case whether Herring and Jordan had in mind the one or the other form of the crime."

Also in *Hanselman v. The People,* 168 Ill., 175, where the evidence showed a penetration by the mouth: "The method employed in this case is as much against nature, in the sense of being unnatural and against the order of nature, as sodomy or any bestial or unnatural copulation that can be conceived."

We are therefore of opinion that under our statute having carnal knowledge of another by inserting the private parts in the mouth is indictable.

It appears, however, that there was no evidence of penetration, which is an essential and necessary element of the offense, and therefore the defendant could not be convicted of the principal crime charged; but it also appears that there is evidence of an attempt to commit the crime, and under section 3269 of the Revisal, "upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." We are therefore of opinion that there is evidence of an attempt to commit the crime charged in the indictment, for which the defendant may be tried.

The special verdict is defective, and will not support a judgment, as it contains merely a recital of the evidence, which is circumstantial in its nature.

It was said as early as *S. v. Watts,* 32 N. C., 369, "It is common learning that a verdict is defective which finds only the evidence, since the Court cannot draw inferences of fact, but only apply the law to facts agreed or found." And in *S. v. McCloud,* 151 N. C., 730, "In determining the guilt or innocence of a defendant upon a special verdict, the Court is confined to the facts found, and is not at liberty to infer anything not directly found."

A new trial is ordered.

New trial.