State v. Barrett

---

STATE OF NORTH CAROLINA v. CHARLES PHILLIP BARRETT

No. 8121SC1168

(Filed 3 August 1982)

1. **Crime Against Nature § 2; Rape and Allied Offenses § 6.1— indictment for sexual offense—conviction of crime against nature—motion for appropriate relief**

   Defendant's motion for appropriate relief from his conviction of crime against nature on the ground that he was indicted for a first degree sexual offense and crime against nature is not a lesser included offense thereof is denied. G.S. 14-27.4 and G.S. 14-177.

2. **Criminal Law § 146.4— constitutionality of statutes—question not properly presented**

   The constitutionality of the crime against nature statute, G.S. 14-177, could not be considered on appeal where the question of constitutionality was

not raised at trial and was not properly presented by the one assignment of error brought forward on appeal.

Judge BECTON dissenting.

APPEAL by defendant from *Seay, Judge.* Judgment entered 18 June 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 27 April 1982.

Defendant was charged in a proper bill of indictment with a first degree sexual offense in violation of G.S. § 14-27.4. He was found guilty of crime against nature. From a judgment imposing a prison sentence of eight years minimum and ten years maximum, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elaine J. Guth, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

HEDRICK, Judge.

[1] We note that one day after this case was calendared for oral argument in this Court, on 28 April 1982, defendant filed a motion for appropriate relief on the grounds that the criminal offense described in G.S. § 14-177, crime against nature, is not a lesser included offense described in G.S. § 14-27.4, a first degree sexual offense, and that judgment entered on the verdict of crime against nature should be arrested. The motion for appropriate relief is denied.

[2] The only assignment of error brought forward and argued in defendant's brief is set out in the record as follows:

3. The Court erred in instructing the jury on the lesser included offense of crime against nature and in entering judgment on the verdict of guilty of crime against nature; on the grounds that G.S. 14-177 is unconstitutionally vague and overbroad on its face and as applied; thereby depriving the defendant of his rights as guaranteed by the First, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and Art. I, §§ 1, 14, 19, 27 and 36 of the North Carolina Constitution.

State v. Barrett

The assignment of error set out above purports to be based on Exception No. 2 which is placed in the record after a statement that the jury was impaneled and the attorneys had had a conference with the judge with respect to the instruction to be given, and Exception No. 5 which is placed at the end of the judgment.

On appeal defendant argues G.S. § 14-177 is unconstitutional; however the constitutionality of the statute was not properly raised at trial, and the constitutionality of the statute is not raised on appeal by the one assignment of error brought forward. Therefore, the constitutionality of G.S. § 14-177 is not raised in this Court. Nevertheless, we have examined the record in light of the assignments of error set out in the record and find that the defendant had a fair trial free from prejudicial error.

No error.

Judge HILL concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

As does the majority, I find no error in the issue raised on appeal. I do believe defendant's motion for appropriate relief should have been granted, however, and I, therefore, dissent.

PROCEDURAL HISTORY

This case was heard in the Court of Appeals on 27 April 1982. On 28 April 1982, the defendant filed with this Court a Motion for Appropriate Relief, pursuant to G.S. 15A-1418 and *State v. Sturdivant*, 304 N.C. 293, 283 S.E. 2d 719 (1981), to arrest judgment.

Chapter 15A § 1415(a) provides that "[a]t any time after verdict, the defendant by motion may seek appropriate relief upon any of the grounds enumerated in [G.S. 14A-1415(b)]." One of the grounds enumerated is that "[t]he trial court lacked jurisdiction over . . . the subject matter." G.S. 15A-1415(b)(2). This the defendant has asserted in his Motion for Appropriate Relief. The Motion for Appropriate Relief was properly filed with this Court as G.S. 15A-1418(a) provides that "[w]hen a case is in the appellate

division for review, a motion for appropriate relief based on grounds set out in G.S. 15A-1415 must be made in the appellate division." *See State v. Sturdivant*, 304 N.C. at 308, 283 S.E. 2d at 729.

## MOTION FOR APPROPRIATE RELIEF

The defendant asserts that the trial court was without subject matter jurisdiction in that the indictment was insufficient to support a conviction of the crime against nature. I agree.

Although the evidence at trial indicated that the defendant committed the crime of fellatio, the defendant was charged with first degree sexual offense by this indictment:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 24th day of February, 1981, in Forsyth County Charles Phillip Barrett unlawfully and wilfully did feloniously with force and arms commit and engage in a sex offense with another person, to wit: [name omitted], by force and against the will of the said [name omitted].

> s / ROBERT M. BROWN
> Assistant District Attorney

On the basis of case law and statutory authority, I, too, am compelled to conclude that this indictment is sufficient to charge the crime of first degree sex offense. *See State v. Edwards*, 305 N.C. 378, 289 S.E. 2d 360 (1982), and G.S. 15-144.2.[1] Moreover, the defendant is able to file a motion for a bill of particulars if he believes the indictment is too broad.

---

1. G.S. 15-144.2(a) reads:

> In indictments for sex offense it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the sex offense was allegedly committed, and the averment "with force and arms," as is now usual, it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim, naming the victim, by force and against the will of such victim and concluding as is now required by law. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a first degree sex offense and will support a verdict of guilty of a sex offense in the first degree, a sex offense in the second degree, an attempt to commit a sex offense or an assault.

Although under G.S. 14-21.1 "sexual act" means cunnilingus, fellatio, analingus, or anal intercourse . . .", and although *State v. Edwards* saves the indictment with regard to the sex offense charge, the indictment, in my view, is not sufficient to support the submission of the crime against nature charge to the jury.

Significantly, G.S. 15-144.2(a), which provides an approved "short form" of the essentials to be averred in a bill of indictment for sex offense, states, in pertinent part, that "the averments and allegations herein [*see* footnote 1, *supra*] . . . will support a verdict of guilty of a sex offense in the first degree, a sex offense in the second degree, an attempt to commit a sex offense, or an assault." Noticeably missing in the list of lesser included offenses is the crime against nature.

An indictment may support the conviction of an offense other than the one charged if the offense is a lesser included offense of the one charged in the indictment. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981). In order for a crime to be a lesser included offense of another crime, *all* of the elements of the lesser offense must be included within the elements of the greater.

> It is well-established that when a defendant is indicted for a criminal offense he may be lawfully convicted of the offense charged therein or of any lesser offense if all the elements of the lesser offense could be proved by proof of the facts alleged in the indictment. He may not, upon trial under that indictment, be lawfully convicted of any other criminal offense whatever the evidence introduced against him may be. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44 (1967); *State v. Rorie*, 252 N.C. 579, 114 S.E. 2d 233 (1960). Similarly, "[i]f the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some element not so included in the greater offense, the lesser is not necessarily included in the greater." *Id.* at 581, 114 S.E. 2d at 235-36.

*State v. Davis*, 302 N.C. 370, 372-73, 275 S.E. 2d 491, 493 (1981), *quoting State v. Rorie*, 252 N.C. 579, 581, 114 S.E. 2d 233, 235-36 (1958).

The elements of first degree and second degree sexual acts have been defined by our statutes.[2] The crime against nature is not specifically defined by our statutes; however, our Supreme Court has interpreted crime against nature to *require* penetration of or by the sexual organ.

> Conduct declared criminal by G.S. 14-177 is sexual intercourse contrary to the order of nature. Proof of penetration of or by the sexual organ is essential to conviction. This interpretation was put on the statute in *State v. Fenner*, 166 N.C. 247, 80 S.E. 970, decided in 1914. The Legislature has not disapproved of the interpretation then given by amending the statute. That interpretation accords with the interpretation generally given to similar statutes. The Supreme Court of Maine said: "[I]t does not follow that every act of sexual perversion is encompassed within the definition of 'the crime against nature' . . . The crime against nature involving mankind is not complete without some penetration, however slight, of a natural orifice of the body. The penetration need not be to any particular distance." *S. v. Pratt*, 116 A. 2d 924; *S. v. Hill*, 176 So. 719 (Miss.); *People v. Angier*, 112 P. 2d 659 (Cal.); *Hopper v. S.*, 302 P. 2d 162 (Okla.); *S. v. Withrow*, 96 S.E. 2d 913 (W. Va.); *Wharton v. S.*, 198 S.E. 823 (Ga.); 81 C.J.S. 371; 48 Am. Jur. 550.

*State v. Ludlum*, 303 N.C. 666, 670-71, 281 S.E. 2d 159 (1981), *quoting State v. Whittemore*, 255 N.C. 583, 585, 122 S.E. 2d 396, 398 (1961); *see also State v. Fenner*, 166 N.C. 247, 80 S.E. 970 (1914).

---

2. The relevant portions of G.S. 14-27.4, the first-degree sexual offense statute, reads:

> (a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
>
> . . .
>
> (2) With another person by force and against the will of the other person, and:
>
> > a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or
> >
> > b. Inflicts serious personal injury upon the victim or another person;
> > . . .

In *Ludlum*, the defendant was charged with first degree sexual offense to wit: cunnilingus with a four-year-old girl. Our Supreme Court held that the sexual act did not require a penetration. 303 N.C. at 672, 281 S.E. 2d at 162. After citing dictionary definitions for the term cunnilingus, the Court gave a detailed anatomical definition of the female genitalia. It concluded that:

> [T]he Legislature did not intend that the vulva in its entirety or the clitoris specifically must be stimulated in order for cunnilingus to occur. To adopt this view would saddle the criminal law with hypertechnical distinctions and the prosecution with overly complex and in some cases impossible burdens of proof. We think, rather, that given the possible interpretations of the word as ordinarily used, the Legislature intended to adopt that usage which would avoid these difficulties. We conclude, therefore, that the Legislature intended by its use of the word cunnilingus to mean stimulation by the tongue or lips of any part of a woman's genitalia.

*Id.*

I believe that a similar analysis is appropriate for the sexual act of fellatio in sexual offense cases. Giving the term its common, ordinary usage, Webster's Third New International Dictionary (1968) defines fellatio as "the practice of obtaining sexual satisfaction by oral stimulation of the penis." I do not understand this definition to require proof of penetration.

Proof of penetration *may or may not* be an element of a sexual act under G.S. 14-27.1; however, penetration is a necessary element of the crime against nature under G.S. 14-177. Because the crime against nature requires proof of penetration and because a sexual act may not require penetration, the crime against nature has a necessary element which may not be in common with the sexual act. In order for an offense to be submitted as a lesser offense, the greater must (not may) include all of the elements of the lesser. *Unless an indictment specifically alleges a sexual act by penetration, it would not include all of the elements of the crime against nature.*

Noticeably absent from the indictment in the case *sub judice* is any averment (there is not even a suggestion) that the crime committed was fellatio. Even more significant is the absence of an

averment that there was a penetration of or by the sexual organ. Again, the crime against nature requires "some penetration, however slight, of a natural orifice of the body." 303 N.C. at 671, 281 S.E. 2d at 159.

That an indictment for "the greater offense . . . must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense" is not new law. *See State v. Rorie*, 252 N.C. 579, 114 S.E. 2d 233 (1960).

In *Rorie*, our Supreme Court was faced with this issue: "Is a verdict of assault with a deadly weapon supported by a statutory indictment for manslaughter which fails to allege that a homicide was committed by means of an assault and battery or assault with a deadly weapon?" The *Rorie* Court answered the issue in the negative, set aside the verdict, and arrested the judgment. Quoting Wharton's Criminal Law and Procedure the Court said:

> [A]n indictment or information is insufficient to charge the accused with the commission of a minor offense, or one of less degree, unless, in charging the major offense, it necessarily includes within itself all of the essential elements of the minor offense, or sufficiently sets them forth by separate allegations in an added count, but that when the indictment or information contains all the essential constituents of the minor offense, it sufficiently alleges that offense.

252 N.C. at 581-82, 114 S.E. 2d at 236. The *Rorie* Court then said:

> It must be conceded that the form of indictment under consideration charges an offense of which assault with a deadly weapon may or may not be an ingredient. [Citation omitted.] It does not set out manslaughter by assault and it is certainly insufficient to cover assault and battery or assault *with a deadly weapon* as an independent charge, separate and apart from the charge of manslaughter.

*Id.* The same can be said for the indictment in the case *sub judice*. It does not aver that the "sexual offense" committed was fellatio *involving the penetration* of or by a sexual organ, and it certainly does not sufficiently charge the crime against nature as an independent charge.

Further, I believe that the Legislature intended to punish a separate category of offenses by enacting G.S. 14-27.4 and 14-27.5. The offenses punishable under these statutes are violent, forcible acts committed against nonconsenting victims. In *Ludlum*, our Supreme Court spoke of the purpose of the legislation:

Furthermore, unlike prosecutions under "the crime against nature" statute, G.S. 14-177, in which the act itself, if it is deemed to be such a crime, is punishable, none of the "sexual acts" described by G.S. 14-27.1(4) are punishable *per se* under Article 7A. They are punishable only if committed under the circumstances set out in G.S. 14-27.4 or G.S. 14-27.5. In order for a "sexual act" such as cunnilingus to be punished under this article as a first-degree sexual offense, it must either be committed "by force and against the will" of the victim and the perpetrator must:

"a. [Employ] or [display] a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

b. [Inflict] serious personal injury upon the victim or another person; or

c. . . . [commit] the offense aided and abetted by one or more other persons[;]"

or it must be committed, as in the instant case, upon a victim who is twelve years old or less, the perpetrator being "four or more years older than the victim." G.S. 14-27.4. In order for a sexual act such as cunnilingus to be punishable as a second-degree sexual offense, it must be committed "[b]y force and against the will" of the victim or against a victim

"[w]ho is mentally defective, mentally incapacitated, or physically helpless, and the person performing the acts knows or should reasonably know that the other person is mentally defective, mentally incapacitated, or physically helpless." G.S. 14-27.5.

Thus in Article 7A prosecutions, although the form of the sexual act is limited to those listed in G.S. 14-27.1(4), the gravamen of the sexual offense itself is that it is committed by force and against the will of the victim or upon a victim

who because of age or other incapacity is incapable of consenting. The purpose of Article 7A is to increase the punishment for various kinds of *forcible* sexual acts, which were not punishable as rapes, beyond that which was available under "the crime against nature" statute, G.S. 14-177, or the statute which prohibits "taking indecent liberties with children." G.S. 14-202.1.

*303 N.C. 672-73, 281 S.E. 2d at 163.*

For the foregoing reasons, I vote to allow the motion for appropriate relief. The verdict should be set aside and the judgment should be arrested.