**UNITED STATES**

**v.**

**Captain Jack L. WILLIAMS, 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 FR, United States Air Force.**

**ACM 26150.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 April 1987.

Decided 3 Feb. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Laurence M. Soybel and Captain Michael C. Barrett, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Morris A. Tanner, Jr.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

**DECISION**

MICHALSKI, Judge:

Contrary to his pleas the appellant was convicted by general court-martial with members of committing sodomy and indecent acts at divers times with a female child under the age of 16. The approved sentence includes a dismissal, confinement for three years and total forfeitures.

The appellant has assigned the following errors:

WHETHER THE EVIDENCE IS SUFFICIENT TO SUPPORT A CONVICTION FOR SODOMY, IN PARTICULAR, THE REQUIREMENT OF PENETRATION, "HOWEVER SLIGHT."

WHETHER THE MILITARY JUDGE'S INSTRUCTIONS ON THE ELEMENTS OF SODOMY WERE PREJUDICIALLY CONFUSING AND INCORRECT.

We find his assertions to be without merit and affirm.

The victim in this case, C.W., was the appellant's 10 year old stepdaughter. The sordid story of C.W.'s sex abuse by the appellant began when she took a fifth grade sex education class. Her stepfather, the appellant, volunteered to explain the functions of the penis and testicles by displaying his own anatomy. During the first of these sessions he touched and rubbed her clitoris, called it by its correct name

and demonstrated its function. This activity led to the appellant licking her clitoris and placing his mouth on her vagina. C.W. testified she knew what the clitoris was and that the appellant did lick it. C.W. was subjected to this activity at diverse times from July 1985 to January 1987. During this same time, the appellant also engaged in other sexual acts. The appellant contends that since the clitoris cannot, as such, be penetrated it is not possible to sodomize a person by doing what he did. We disagree.

■ The offense of sodomy is committed when the sexual organ of another is penetrated, the extent of penetration need only be slight. Art. 125, U.C.M.J.; *State v. Ludlum,* 303 N.C. 666, 281 S.E.2d 159 (1981); *State v. Whittemore,* 255 N.C. 583, 122 S.E.2d 396 (1961); *see also United States v. Aleman,* 2 C.M.R. 269 (A.B.R. 1951). In that case, at 275, the Court held that, "any penetration, however slight, of a woman's genitals is sufficient to constitute the element of rape ...". Rape is an analogous offense to sodomy in that penetration, however slight, is sufficient to complete the offense. *State v. Adams,* 299 N.C. 699, 264 S.E.2d 46, 49 (1980). Art. 125, U.C.M.J., provides in part that a person is guilty of sodomy when he takes into that person's mouth the sexual organ of another person. The clitoris is the analogue of the penis in the male; it is situated at the most anterior portion of the vulva and projects between the branched extremities of the labia minora. *Stedman's Medical Dictionary* 260, (22nd ed. 1972). The Supreme Court of North Carolina in *State v. Ludlum, supra* 281 S.E.2d at 162, observed:

... the external genital organs of the female consist, in pertinent part, of the mons pubis, labia majora, labia minora, and the clitoris. The outermost of these are the labia majora. Next come the labia minora. The innermost of these anatomical structures is the clitoris ... If the term "vulva" means all of the external female genitals, as the cited authorities say, and the clitoris lies beneath both the outer and inner labia, then in order for the vulva in its entirety or the

clitoris to be stimulated, there must be some penetration of at least the outer labia.

The clitoris is one of the external genital organs of the female. H. Gray, *Gray's Anatomy* 1317 (25th ed., 1949). The United States Court of Military Appeals has held that a specification alleging licking of a girl's genitalia sufficiently alleged the offense of sodomy. *United States v. Cox,* 18 M.J. 72 (C.M.A.1984). In that case, Senior Judge Cook stated at 73 that:

Appellant would define "licking" as "pass[ing] the tongue over," which in turn, so the argument goes, constitutes a refutation of penetration. However, the "female genitalia" include a large number of organs, the majority of which are located either partially or entirely inside the body's perimeter. R. Warwick and P. Williams, *Gray's Anatomy* 1363–64 (35th British ed., 1973). Thus, "licking" in no way negates penetration ...

The appellant's argument in *Cox* parallels the appellant's in the case *sub judice.* The record establishes that the appellant penetrated C.W.'s sexual organs by licking her clitoris. We are therefore convinced beyond a reasonable doubt that the finding of guilty of sodomy is correct in law and fact. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c).

■ The appellant's claim that the military judge's instructions on the elements of sodomy were prejudicially confusing and incorrect is without merit. The preliminary instructions correctly explained the elements of sodomy vis-a-vis the offense of indecent acts. When the military judge started to give the same instructions again prior to findings he said, instead, in reference to the offense of sodomy, "the accused engaged in unnatural carnal copulation with [C.W.], by placing his tongue upon her private parts and by licking her private parts, and allowing her to lick his penis." He thereby omitted the element of penetration from his instructions. Although there was no objection from the defense counsel, the trial counsel asked if the judge could "restate the first element." The military judge immediately provided the members with accurate instructions on

the elements of sodomy with a child under the age of 16 wherein he clearly explained that penetration was the crucial distinction between sodomy and indecent acts. He then gave the appropriate instructions on the lesser included offense of indecent acts with a child under the age of 16. There were no objections from either counsel, nor were there any questions from the members.

Later, after he concluded his instructions and just prior to the Court closing for deliberations, one member stated that he was "not particularly knowledgeable on what all [sic] exactly legally the external female sex organs include". The military judge provided the answer, apparently from *Gray's Anatomy*, with the preliminary concurrence of both counsel. The initial instructional ambiguity discussed above was quickly and effectively resolved for the members by the military judge, and eliminated any possibility of prejudice to the appellant. *United States v. Ward*, 16 M.J. 341 (C.M.A.1983).

We have examined the record of trial, the assignment of errors, the government's reply thereto and the letter submitted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.