STATE OF NORTH CAROLINA v. ALLEN TERRELL ANTHONY

No. COA98-1102

(Filed 15 June 1999)

### 1. Rape— statutory—consent not a defense

There was no plain error in a prosecution for statutory rape in violation of N.C.G.S. § 14-27.7A(b) where the jury was instructed that consent is not an defense. The statutes dealing with rape or other sexual offenses are bifurcated, with one prong containing a "statutory" violation committed when the victim is either underage or in some way incapacitated. As there is no requirement therein that the act be against the will of the victim, the victim's consent cannot negate the offense. The statute does not contain any ambiguities requiring application of the rule of lenity and, although defendant argues an implied legislative intent to permit a defense of consent from reading other statutes in Article 7A in pari materia, the unique treatment of consent in N.C.G.S. § 14-27.7 is appropriate due to the dissimilarity between that statute and others in Article 7A.

### 2. Constitutional Law—State— statutory rape—disparate sentences

N.C.G.S. § 14-27.7A does not violate the Law of the Land or Cruel and Unusual Punishment Clauses of the North Carolina Constitution because the statutory scheme calibrating sentence severity to the gravity of the offense reflects a rational legislative policy and is not disproportionate to the crime.

### 3. Rape— statutory—mistake of age—not a defense

There was no plain error in a statutory rape prosecution where the court did not instruct that mistake of age was a defense. In undertaking to have sex with the victim, defendant assumed the risk that she was under legal age.

**4. Evidence— statutory rape—previous rape**

There was no prejudicial error in a statutory rape prosecution where the court admitted testimony of a previous rape as evidence of a pattern. Assuming testimony of the other wrong was not admissible, defendant admitted having sexual intercourse with the victim, and the disputed issue of consent did not determine defendant's guilt or innocence under N.C.G.S. § 14-27.7A.

**5. Criminal Law— instructions—reference to "victim"**

There was no plain error in a statutory rape prosecution where the court referred to "the victim." Although an instruction using the term "victim" may be error under certain circumstances, the defendant here admitted committing a strict liability crime.

Appeal by defendant from judgment entered 4 March 1998 by Judge Lester P. Martin, Jr., in Davie County Superior Court. Heard in the Court of Appeals 19 April 1999.

*Michael F. Easley, Attorney General, by Elizabeth L. Oxley, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery and Bobbi Jo Markert, Assistant Appellate Defenders, for defendant-appellant.*

EDMUNDS, Judge.

On 6 January 1997, defendant spent the evening with the victim, her boyfriend, and a female friend at the home of the victim's boyfriend. Defendant later drove the others home. After he dropped off the victim's boyfriend and the female friend, only the victim remained with him in his car. On the way to the victim's house, defendant pulled behind a trailer and, according to the victim, forced her to have sexual intercourse. He then drove the victim to her home, where she immediately told her mother that she had said "No" to defendant's advances. The victim's mother took the victim to a hospital where a nurse examined her and collected evidence. After being arrested, defendant made a statement in which he admitted having sexual intercourse with the victim but claimed that she was a willing participant.

At the time this incident occurred, defendant's age was twenty (20) years, one (1) month, while the victim's age was fourteen (14) years, nine (9) months. On 27 May 1997, the grand jury returned a true bill charging defendant with "Statutory Rape," in violation of N.C. Gen. Stat. § 14-27.7A(b) (Cum. Supp. 1998). The indictment specified that defendant engaged in vaginal intercourse with a victim who was fourteen years old, while the defendant was more than four, but less than six, years older than the victim. On 4 March 1998, a jury found defendant guilty, and the trial court imposed a sentence of fifty-eight (58) to seventy-nine (79) months. Defendant appeals.

[1] Defendant first contends the trial court committed plain error by instructing the jury that consent is not a defense to the offense with which he was charged. Before we can address the instruction, however, we must first determine, as a matter of law, whether consent is a defense to the crime codified by section 14-27.7A. Because this is an issue of first impression, we begin with a review of similar statutes and interpretive case law. Both parties' briefs, well-researched and well-written, are of much assistance in our analysis.

Although section 14-27.7A is silent with respect to the effect of consent, this section is nested in Article 7A of Chapter 14, "Rape and Other Sex Offenses." N.C. Gen. Stat. §§ 14-27.1 to -27.10 (1993 & Cum. Supp. 1998). Section 14-27.2 defines first-degree rape and establishes the penalty for its violation. N.C. Gen. Stat. § 14-27.2 (Cum. Supp. 1998). Similarly, sections 14-27.3, -27.4, and -27.5 define and give the penalties for second-degree rape, first-degree sex offense, and second-degree sex offense, respectively. N.C. Gen. Stat. §§ 14-27.3 to -27.5 (1993 & Cum. Supp. 1998). Each of these four statutes is bifurcated, setting out two alternative ways in which the offense may be committed. Pursuant to one prong, the statute is violated when the act is undertaken "by force and against the will" of the victim. For these crimes, consent of the victim logically nullifies the element that the act be against the victim's will. Consequently, consent is a defense to a charge brought under this portion of these four statutes. However, each statute also contains a second prong defining a "statutory" violation, which is committed when the victim is either underage or in some way incapacitated. For such a violation, there is no requirement that the act be perpetrated against the will of the victim; the victim's consent, therefore, cannot negate the offense. While statutes governing rape and similar crimes have changed in form and detail over the years, our courts consistently have held that consent is not a defense to a "statutory" sex offense.

In *State v. Johnston*, 76 N.C. 209 (1877), the defendant was charged under a statute that made it a crime to have carnal knowledge of a female over the age of ten by force and against her will or a female under the age of ten. Our Supreme Court held that a female under ten years of age was incapable of consenting to the act as a matter of law. Decades later, although the minimum age of the victim had changed, the law concerning consent had not. In *State v. Temple*, 269 N.C. 57, 152 S.E.2d 206 (1967), our Supreme Court again held that consent was no defense where the defendant was charged under a statute forbidding carnal knowledge of a female under the age of twelve. As our Supreme Court stated:

> Unlike the provision of the first-degree rape statute that applies if the victim is an adult, G.S. 14-27.2(a)(2), the forbidden conduct under the statutory rape provision, G.S. 14-27.2(a)(1), is the act of intercourse itself; any force used in the act, any injury inflicted in the course of the act, or the apparent lack of consent of the child are *not* essential elements. This is so because the statutory rape law, G.S. 14-27.2(a)(1), was designed to protect children under twelve from sexual acts.

*State v. Weaver*, 306 N.C. 629, 637, 295 S.E.2d 375, 380 (1982), *overruled on other grounds by State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993). In *State v. Ludlum*, 303 N.C. 666, 281 S.E.2d 159 (1981), reviewing a first-degree sex offense prosecution, our Supreme Court noted, "[I]n Article 7A prosecutions . . . the gravamen of the sexual offense itself is that it is committed by force and against the will of the victim or upon a victim who *because of age* or other incapacity is incapable of consenting." *Id.* at 673, 281 S.E.2d at 163 (emphasis added); *see also State v. Zuniga*, 320 N.C. 233, 260, 357 S.E.2d 898, 915, *cert. denied*, 484 U.S. 959, 98 L. Ed. 2d 384 (1987); *State v. Cox*, 280 N.C. 689, 695, 187 S.E.2d 1, 5 (1972); *State v. Temple*, 269 N.C. 57, 68, 152 S.E.2d 206, 214 (1967); *State v. Browder*, 252 N.C. 35, 36, 112 S.E.2d 728, 729 (1960). Thus, we see a consistent policy of protecting the young against sexual acts. Further, we see that section 14-27.7A fits within the conceptual framework of the other "statutory" offenses in Article 7A.

To support his theory that consent is a defense to the offense for which he was convicted, defendant first argues that ambiguity in section 14-27.7A requires us to apply the rule of lenity, construing the statute narrowly against the State. We disagree. The language of section 14-27.7A is explicit and absolute, defining with clarity the pro-

hibited act. It sets out a single defense—marriage. The General Assembly's recognition of that defense indicates that it chose not to allow other defenses. This statute does not contain any ambiguities requiring application of the rule of lenity.

Defendant next focuses on section 14-27.7, which makes it a crime for a custodian of a victim of any age or a person assuming the position of a parent in the home of a minor victim to engage in vaginal intercourse or a sexual act with the victim. Key to defendant's argument is the last sentence of section 14-27.7, which states, "Consent is not a defense to a charge under this section." N.C. Gen. Stat. § 14-27.7 (1993). Defendant contends that when other statutes of Article 7A are read *in pari materia*, the express exclusion in section 14-27.7 implies that the legislature's silence in section 14-27.7A permits consent as a defense. He reasons that our legislature had the opportunity to proscribe a consent defense when it enacted section 14-27.7A in 1995 but chose not to do so. We find defendant's reasoning unpersuasive.

First, there is no need to consider section 14-27.7 in construing section 14-27.7A. As noted above, section 14-27.7A recognizes the single defense of marriage, thereby implicitly rejecting other defenses. Moreover, sections 14-27.7 and 14-27.7A address different policy concerns. The pertinent portion of section 14-27.7 prevents abuse of a minor by a *quasi*-parent/custodian. Alone among the statutes in Article 7A, section 14-27.7 focuses on the relationship between perpetrator and victim. Section 14-27.7 defines the offender in specific terms, where in other statutes, the offender merely need be "[a] person," N.C. Gen. Stat. §§ 14-27.2 to -27.5 (1993 & Cum. Supp. 1998), or "[a] defendant," N.C. Gen. Stat. § 14-27.7A (Cum. Supp. 1998). The terms "rape" or "sex offense" are absent from the language of section 14-27.7, and punishment for its violation is less severe than other sex offense statutes. These factors indicate that section 14-27.7 is *sui generis*. The unique treatment of consent in that statute was therefore appropriate due to the dissimilarity between that statute with others in Article 7A.

If defendant's contention were followed to its logical conclusion, consent would be a defense to all statutory rape provisions *except* section 14-27.7. Article 7A of Chapter 14 was enacted in 1979. Section 14-27.7 at that time contained the proviso that consent was not a defense. *See* Act of May 29, 1979, ch. 682, § 1, 1979 N.C. Sess. Laws 725, 726 (clarifying and consolidating the law of sex offenses). If

defendant's argument were correct, the presence of that proviso in section 14-27.7 would imply that the General Assembly's decision not to include similar language in the other statutes thereupon created a consent defense to the "statutory" provisions of sections 14-27.2 to -27.5. Such a holding would be contrary to long-settled law. Even recently, our Supreme Court cited statutory rape as an example of a strict-liability crime requiring nothing more than commission of the act prohibited. *See Meads v. N.C. Dep't of Agric.*, 349 N.C. 656, 674, 509 S.E.2d 165, 177 (1998) (citing *State v. Murry*, 277 N.C. 197, 203, 176 S.E.2d 738, 742 (1970)). We do not believe that the General Assembly intended such a result and hold that the language of section 14-27.7 does not imply that consent is a defense to an offense under section 14-27.7A.

**[2]** Defendant next argues that, unless consent is a defense, section 14-27.7A violates the Law of the Land and Cruel and Unusual Punishment clauses of our Constitution. *See* N.C. Const. art. I, §§ 19, 27. As an illustration, he points out that a predatory custodian or *quasi*-parent who violates section 14-27.7 by having sex with a minor faces only a class E felony, while consensual sex between a fifteen year old female and a nineteen year old male is a class C felony under section 14-27.7A(b). While this comparison may appear to yield a harsh result, we do not find a constitutional violation. The General Assembly established a statutory scheme to protect young females from older males. Section 14-27.7A defines two offenses in subsections (a) and (b), with a greater penalty corresponding to a greater age differential between the parties. Where the female is even younger, section 14-27.2 provides a penalty yet more severe than that found in section 14-27.7A. This statutory scheme, calibrating sentence severity to the gravity of the offense, reflects a rational legislative policy and is not disproportionate to the crime. *See State v. Green*, 348 N.C. 588, 609, 502 S.E.2d 819, 829 (1998), *cert. denied*, —— U.S. ——, 142 L. Ed. 2d 783 (1999). This sentencing scheme does not violate the North Carolina Constitution.

Finally, we note that the title of N.C. Gen. Stat. § 14-27.7A (Cum. Supp. 1998), is "Statutory rape or sexual offense of a person who is 13, 14, or 15 years old." Act of June 19, 1995, ch. 281, §§ 1, 2, 1995 N.C. Sess. Laws 565, 565-66. Although the title of a statute is not compelling evidence, we may consider it. *See, e.g., State v. Flowers*, 318 N.C. 208, 215, 347 S.E.2d 773, 778 (1986). The General Assembly's use of the term "Statutory rape" is further indication that it intended this statute to be interpreted consistently with the other pre-existing

"statutory" rape and sex offense statutes. We therefore conclude that, as a matter of law, consent is not a defense to a violation of section 14-27.7A. Because consent is not a defense, the trial court did not err in its instructions to the jury. This assignment of error is overruled.

[3] Defendant contends that the court committed plain error by failing to instruct that mistake of age was a defense to the offense charged. We disagree. Just as consent is not a defense, for the same reasons, mistake of age is not a defense. In undertaking to have sex with the victim, defendant assumed the risk that she was under legal age. *See State v. Rose,* 312 N.C. 441, 445, 323 S.E.2d 339, 342 (1984); *State v. Wade,* 224 N.C. 760, 761-62, 32 S.E.2d 314, 315 (1944); *State v. Ainsworth,* 109 N.C. App. 136, 145, 426 S.E.2d 410, 416 (1993). This assignment of error is overruled.

[4] Defendant next argues the trial court erred by admitting testimony that he had previously raped defendant's female friend. After a *voir dire,* the trial court admitted the evidence, finding that it showed a pattern. Defendant contends that, should this Court find (as we have) that section 14-27.7A is a strict liability statute, the purposes for which this testimony is admissible under Rule 404(b) are irrelevant where the defendant has admitted the prohibited act. We hold that while the evidence may have been irrelevant, its admission was harmless. Rule 404(b) is a general rule of inclusion. *See State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). The party who asserts that evidence was improperly admitted usually has the burden to show the error and that he was prejudiced by its admission. *See State v. Atkinson,* 298 N.C. 673, 683, 259 S.E.2d 858, 864 (1979). Assuming *arguendo* that defendant met his burden of showing that evidence of the other wrong was not admissible under Rule 404(b), he is still required to show that its admission prejudiced the fairness of the trial. Defendant admitted having sexual intercourse with the victim, claiming that she was a willing participant. Although the victim denied giving consent, that disputed issue did not determine defendant's guilt or innocence under section 14-27.7A. Because the victim's lack of consent did not have to be proved, defendant's admission was effectively a confession. He had no defense, and testimony about a prior act was not legally prejudicial. Therefore, admission of that testimony was, at worst, harmless error.

[5] Finally, defendant argues that the trial court's references to "the victim" in its instructions were erroneous. Because defendant did not object to these instructions, we review for plain error. *See* N.C. R. App. P. 10(c)(4). Defendant must show "(i) that a different result

probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). Although we discern from the language of our Supreme Court in *State v. McCarroll*, 336 N.C. 559, 565-66, 445 S.E.2d 18, 22 (1994), that an instruction using the term "victim" may be error under certain circumstances, we find no plain error here, where the offense is a strict liability crime to which defendant admitted committing. This assignment of error is overruled.

The defendant received a fair trial, free of prejudicial error.

No error.

Chief Judge EAGLES and Judge JOHN concur.