STATE OF NORTH CAROLINA v. PATRICK TELLY LOCKLEAR

No. COA99-847

(Filed 20 June 2000)

## Confessions and Incriminating Statements— Miranda warnings—booking process—statutory rape—defendant's date of birth

The trial court erred in a first-degree statutory rape case under N.C.G.S. § 14-27.7A(a) by admitting the investigating officer's testimony of defendant's statement of his date of birth during the booking process without the benefit of the Miranda warnings because: (1) Miranda applies to the gathering of biographical information necessary to complete the booking process if the questions posited by the police are designed for the purpose of

eliciting a response they know or should know is reasonably likely to be incriminating; (2) defendant's age was an essential element of the crime charged; and (3) the investigating officer knew or should have known that her question regarding defendant's date of birth would elicit an incriminating response.

Appeal by defendant from judgment dated 3 September 1998 by Judge Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 16 May 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*Hubert N. Rogers, III, for defendant-appellant.*

GREENE, Judge.

Patrick Telly Locklear (Defendant) appeals from a jury verdict finding him guilty of first-degree statutory rape in violation of N.C. Gen. Stat. § 14-27.7A(a).

The State's evidence shows that on 13 August 1996, Defendant had vaginal intercourse with a thirteen-year-old female (H.E.) who was born on 19 November 1982. A few days after this occurrence, H.E. eventually told her mother she had sexual intercourse with Defendant. On 19 August 1996, Detective Donna Freeman Halliburton (Halliburton) of the Robeson County Sheriff's Department took a statement from H.E., which disclosed the details of H.E.'s sexual intercourse with Defendant.

On 13 September 1996, Defendant was arrested by Halliburton on the charge of statutory rape. Halliburton testified that in connection with Defendant's arrest, she filled out an "ARREST REPORT" which was dated "09/13/96" and timed "12:30[]."[1] While obtaining information from Defendant to write on the "ARRESTEE INFORMATION" portion of the "ARREST REPORT," Halliburton asked Defendant his date of birth. She testified she questioned Defendant to fill out the arrestee information before reading Defendant his *Miranda* rights, because "[i]t was just a form we used to get the information on the person that we're talking with." Halliburton testified that "[t]o obtain information about the arrestee and the case," she would request "[h]is name, date of birth, address, height, weight, hair color, any marks or

---

1. The "ARREST REPORT" provides the "Place of Arrest" was the "Robeson County Courthouse (Juvenile)."

tatoos on him, nearest kin, the arrest information on the warrant, [and] the information about the bond."

At trial, counsel for Defendant objected to and moved to strike the State's question regarding Defendant's date of birth and also moved to suppress Defendant's statement regarding his date of birth. The trial court denied Defendant's motions.

Halliburton subsequently testified Defendant stated his date of birth was 2 August 1976. Defendant's motion to strike this testimony was denied by the trial court. Defendant was read his *Miranda* rights at 1:10 p.m. on 13 September 1996, forty minutes after he had told Halliburton of his date of birth.

After the State rested its case, Defendant asked the trial court to reconsider his motion to suppress the statement given to Halliburton concerning his date of birth. The trial court denied this request.

---

The dispositive issue is whether a defendant's incriminating statement given to the investigating police officer, during the booking process and without the benefit of the *Miranda* warnings, is admissible as evidence.

As a general proposition, *Miranda*[2] does not apply to the gathering of biographical data necessary to complete the booking of a criminal suspect. *State v. Ladd*, 308 N.C. 272, 286, 302 S.E.2d 164, 173 (1983). *Miranda* does, however, apply to the gathering of biographical information necessary to complete the booking process if the questions posited by the police are designed for the purpose of eliciting a response they know or should know is reasonably likely to be incriminating.[3] *State v. Banks*, 322 N.C. 753, 760, 370 S.E.2d 398, 403 (1988); *see Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308 (1980) (interrogation under *Miranda* consists of questions "the police should know are reasonably likely to elicit an incriminating response"); *see also Hughes v. State*, 695 A.2d 132, 141-42 (Md.) (booking question to defendant, without benefit of *Miranda*, which

---

2. *Miranda v. Arizona*, 384 U.S. 436, 479, 16 L. Ed. 2d 694, 726 (1966), provides the Fifth Amendment mandates that no evidence obtained from a defendant through *custodial interrogation* may be used against that defendant at trial, unless the interrogation was preceded by (1) the appropriate warnings of the rights to remain silent and to have an attorney present and (2) a voluntary and intelligent waiver of those rights.

3. A suspect being questioned during a booking process is in custody for the purpose of *Miranda*, as the suspect is under arrest at the time of the booking.

STATE v. LOCKLEAR

[138 N.C. App. 549 (2000)]

elicits incriminating answer is interrogation in violation of defendant's Fifth Amendment rights, because officer should have known question was reasonably likely to elicit an incriminating response), *cert. denied*, 522 U.S. 989, 139 L. Ed. 2d 393 (1997). "[T]he prior knowledge of the police and the intent of the officer in questioning the defendant is highly relevant to whether the police should have known a response would be incriminating." *Ladd*, 308 N.C. at 287, 302 S.E.2d at 174.

In this case, Halliburton, while completing an arrest form which called for certain basic information about Defendant, asked Defendant his date of birth. Defendant responded by giving his date of birth. Halliburton, in addition to booking Defendant, was also the investigating officer having previously taken a statement from the alleged victim of Defendant's sexual assault. Since Defendant's age was an essential element of the crime charged,[4] Halliburton, as the investigating officer, knew or should have known her question regarding Defendant's date of birth would elicit an incriminating response. Accordingly, Defendant was entitled to the *Miranda* warnings prior to the date of birth question, and the failure to give those warnings renders his response inadmissible as evidence. *Cf. Banks*, 322 N.C. at 760, 370 S.E.2d at 403 (*Miranda* not required prior to questions posited by non-investigating officer, during booking process, who was not interrogating suspect "for the purpose of eliciting incriminating information"). The trial court, therefore, erred in admitting Halliburton's testimony of Defendant's statement of his date of birth. Because there is no other evidence of Defendant's date of birth, an essential element of the crime at issue, Defendant is entitled to a new trial.

New trial.

Judges HORTON and HUNTER concur.

---

4. N.C. Gen. Stat. § 14-27.7A(a) provides "[a] defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C.G.S. § 14-27.7A(a) (1999).