STATE OF NORTH CAROLINA v. RANDY ADAM HOWARD

No. COA02-703

(Filed 3 June 2003)

## 1. Constitutional Law— effective assistance of counsel— opportunity to prepare—defendant fleeing prosecution

The denial of a continuance did not deny defendant the effective assistance of counsel where his attorney claimed inadequate opportunity to prepare, but defense counsel was appointed about one and a half years before trial and there was no evidence that defendant was unavailable until he fled the country. Defendant showed no evidence of attempting to contact counsel until a few days before trial and did not show that his incarceration rendered him inaccessible to counsel.

## 2. Rape— statutory—evidence of sex

There was sufficient evidence of sex in a statutory rape prosecution, and the court correctly denied defendant's motion to dismiss, where the witnesses consistently referred to the activity between the victim and defendant as sex, intercourse, or sexual intercourse. Plus, the victim got pregnant.

## 3. Rape— statutory—age difference between victim and defendant

There was sufficient evidence of the age difference between the victim and defendant in a statutory rape prosecution for the court to deny defendant's motion to dismiss.

## 4. Rape— statutory—constitutional

The statutory rape statute, N.C.G.S. § 14-27.7A, does not violate equal protection because the State has a reasonable basis for punishing more severely individuals who prey sexually on children aged 13, 14, or 15 as the age differential increases. The decision to distinguish sexual acts between married individuals from acts between unmarried individuals is rational and not arbitrary because marriage closes the bedroom door to governmental intrusion and because it would be incongruous to allow individuals 14-16 to marry but not consummate the marriage. The terms of the offense are clearly set out, and the argument that due process is violated by lack of notice is more correctly the invalid defense of ignorance of the law.

STATE v. HOWARD

[158 N.C. App. 226 (2003)]

**5. Evidence— statutory rape—nurse's testimony about time of conception**

There was no plain error in a statutory rape prosecution in a nurse's testimony about when the victim conceived a child. The testimony of the nurse favored defendant in that it indicated that the date of conception was closer to when defendant and the victim were married than the birth date would have indicated.

**6. Constitutional Law— right to remain silent—not invoked— contacts with detective**

Defendant did not invoke his right to remain silent in a statutory rape prosecution where a detective testified that defendant did not attend an in-person interview but initiated telephone calls to the detective. There was no error, plain or otherwise, in allowing the detective's testimony.

Appeal by defendant from judgment entered 16 January 2002 by Judge Jerry Cash Martin in Davie County Superior Court. Heard in the Court of Appeals 12 March 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Karen E. Long, for the State.*

*Osborn & Tyndall, P.L.L.C., by Amos Granger Tyndall, for defendant-appellant.*

CALABRIA, Judge.

Randy Adam Howard ("defendant") appeals from judgment entered in Davie County Superior Court upon a jury verdict finding him guilty of statutory rape.

According to the State's evidence, Connie Collet ("Ms. Collet") invited defendant, aged twenty-eight, to stay at her home since she was friends with his mother. During his visit, he helped Ms. Collet with her handicapped daughters. Ms. Collet's younger daughter, Naomi Collet ("the victim"), who was fifteen years of age and had been diagnosed with mild mental retardation, engaged in sexual intercourse with defendant in late November and December 1998.

In January of 1999, Detective John Stephens ("Detective Stephens") of the Davie County Sheriff's Department investigated a report from Social Services concerning sexual activity between defendant and the victim. As a result of that investigation and fears

concerning the loss of her children stemming from her knowledge of their sexual relationship, Ms. Collet agreed to allow defendant to marry the victim. On 13 January 1999, defendant and the victim were married in South Carolina. When the married couple returned later that same day, Ms. Collet went to defendant's residence, picked up the victim, and returned the victim to her residence. The victim subsequently returned to defendant's residence for one week before she expressed her desire to return to Ms. Collet's home.

On 1 February 1999, after an appointment with a nurse at the health department, the victim was found to be five weeks pregnant. After defendant and the victim proceeded with a divorce, Detective Stephens reinstated his investigation of defendant for statutory rape. On 13 March 2000, defendant was indicted for statutory rape in violation of N.C. Gen. Stat. § 14-27.7A.

This matter came to trial in Davie County Superior Court on 14 January 2002, the Honorable Jerry Cash Martin, presiding. Defendant moved to continue the case, asserting that, without additional time to prepare for trial, he would be denied effective assistance of counsel. The trial court denied defendant's motion. The trial court further denied defendant's motions to dismiss the charge at the close of the State's evidence and at the close of trial. After defendant's mother testified on his behalf concerning the nature of the relationship between defendant and the victim, the case went to the jury, which returned a verdict of guilty of statutory rape. The court entered judgment on the conviction, sentencing defendant to 202 to 252 months. Defendant appeals.

Defendant asserts the trial court erred in (I) denying defendant's motion to continue the trial and (II) failing to dismiss the charge. Defendant also asserts (III) N.C. Gen. Stat. § 14-27.7A is unconstitutional. Finally, defendant asserts the trial court committed plain error by (IV) allowing testimony by a nurse not qualified as an expert and (V) allowing testimony concerning interactions between Detective Stephens and defendant.

I. Motion to Continue

[1] Defendant asserts he was denied effective assistance of counsel when the trial court denied his motion to continue because preparation time for trial was inadequate.

A motion for a continuance is ordinarily addressed to the sound discretion of the trial court, and the ruling will not be disturbed

absent a showing of abuse of discretion. When a motion to con-
tinue raises a constitutional issue, however, the trial court's rul-
ing thereon involves a question of law that is fully reviewable on
appeal by examination of the particular circumstances presented
in the record. Even when the motion raises a constitutional issue,
denial of the motion is grounds for a new trial only upon a show-
ing that "the denial was erroneous and also that [the defendant]
was prejudiced as a result of the error." *[State v.] Branch*, 306
N.C. [101,] 104, 291 S.E.2d [653,] 656 [(1982)].

*State v. Blakeney*, 352 N.C. 287, 301-02, 531 S.E.2d 799, 811 (2000)
(citations omitted). Where the constitutional issue asserted con-
cerns effective assistance of counsel, we review the question of law
fully to determine whether defendant has shown "he did not have
ample time to confer with counsel and to investigate, prepare and
present his defense." *State v. Harris*, 290 N.C. 681, 687, 228 S.E.2d
437, 440 (1976).

In the present case, defendant's counsel requested a continuance
based on a lack of communication and the unavailability of the
defendant until "a few days" before trial. The facts of the present
case, however, do not establish any constitutional violation.
Defendant's trial counsel was appointed on 17 July 2000, approxi-
mately one and a half years prior to the date of trial. Defendant was
available to communicate with counsel during the process of discov-
ery and waiver of arraignment between July and November of 2000.
There is no evidence defendant was unavailable until he fled the
country in or around January 2001. Defendant was taken into custody
in Australia and returned to the United States. Though defendant
asserts his whereabouts were unknown to his counsel until October
2001, defendant has shown no evidence of attempting to contact his
counsel, either personally or through his family, at any time until "a
few days" before trial, when counsel for defendant was apprised of
the possibility of a witness in Oklahoma. Additionally, defendant
failed to show his incarceration rendered him inaccessible to counsel
or incapable of establishing communication with him. Accordingly,
defendant failed to establish he was deprived of any constitutional
right by a lack of a reasonable opportunity to consult with his attor-
ney in preparation for trial.

II. Motion to Dismiss

**[2]** Defendant asserts the trial court erred in denying his motion to
dismiss because the evidence was insufficient to support the convic-

tion of statutory rape. Defendant contends the State failed to establish that he engaged in the prohibited sexual activity and that he was at least six years older than the victim at the time of the alleged acts. "A motion to dismiss on the ground of sufficiency of the evidence raises . . . the issue 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Barden*, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). "The court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from that evidence." *State v. Lucas*, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). Evidence may be direct, circumstantial, or both. *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).

Absent marriage, guilt under N.C. Gen. Stat. § 14-27.7A is established where the State proves a defendant "engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person." N.C. Gen. Stat. § 14-27.7A (2001). Defendant contends the State failed to prove vaginal intercourse between defendant and the victim and failed to prove defendant was more than six years older than the victim. We disagree.

The evidence produced at trial was sufficient to establish the statutory elements. The victim testified as follows:

Q. Tell the ladies and gentlemen of the jury what type of sexual act occurred.

A. Just sex.

Q. Just sex. Sexual intercourse?

A. Yes.

Throughout the trial, each of the State's witnesses referred to the sexual activity between the victim and defendant as sex, intercourse, or sexual intercourse. Moreover, the victim became pregnant late in December, according to two sonograms performed by the health department. Considering the evidence in the light most favorable to

the State and giving it the benefit of all inferences drawn therefrom, there was relevant evidence that a reasonable mind might accept as adequate to support the conclusion that defendant and the victim engaged in vaginal intercourse.

[3] Regarding proof of the age difference between defendant and the victim, the victim testified correctly that defendant's birth date was 10 July 1970 and her own birth date was 2 May 1983. Moreover, the State introduced the marriage certificate into evidence, which set forth the ages of defendant and the victim at twenty-eight years old and fifteen years old, respectively. We hold the State presented substantial evidence of the age difference between the victim and defendant. Accordingly, the statutory elements of N.C. Gen. Stat. § 14-27.7A were met, and this assignment of error is overruled.

III. Constitutionality of N.C. Gen. Stat. § 14-27.7A

[4] Defendant next asserts N.C. Gen. Stat. § 14-27.7A violates the guarantees against cruel and unusual punishment, equal protection under the law, and due process of law. Defendant first argues that the criminal sentence imposed is unconstitutionally disproportionate to the crime for which defendant was convicted. We note the sentence imposed is within the limits fixed by the structured sentencing laws found in N.C. Gen. Stat. § 15A-1340.17 (2001). Moreover, this Court has already considered the issue of disproportionate punishment under N.C. Gen. Stat. § 14-27.7A and found no constitutional infirmity. *State v. Anthony*, 133 N.C. App. 573, 516 S.E.2d 195 (1999).

> The General Assembly established a statutory scheme to protect young females from older males. Section 14-27.7A defines two offenses in subsections (a) and (b), with a greater penalty corresponding to a greater age differential between the parties. Where the female is even younger, section 14-27.2 provides a penalty yet more severe than that found in section 14-27.7A. This statutory scheme, calibrating sentence severity to the gravity of the offense, reflects a rational legislative policy and is not disproportionate to the crime.

*Id.*, 133 N.C. App. at 578, 516 S.E.2d at 198 (citation omitted).

Defendant argues N.C. Gen. Stat. § 14-27.7A violates his equal protection rights by discriminating on the grounds of age and marital status. "Where a statute is challenged on the basis that it denies a person equal protection under the law, the level of judicial scrutiny depends on whether the alleged denial involves a fundamental right

or a suspect class." *State v. McCleary*, 65 N.C. App. 174, 185, 308 S.E.2d 883, 891 (1983). With respect to defendant's argument that the statute impermissibly delineates between classes of individuals based on their age, age is not a suspect class; therefore,

> the test is whether the difference in treatment made by the law has a reasonable basis in relation to the purpose and subject matter of the legislation. A statute is only void as denying equal protection when similarly situated persons are subject to different restrictions or are given different privileges under the same conditions.

*Id.*, 65 N.C. App. at 186, 308 S.E.2d at 891-92.

The question is whether the State has a reasonable basis to punish more severely individuals who prey sexually on children aged 13, 14, or 15 as the age differential between the accused and the victim increases. Our Supreme Court, in considering N.C. Gen. Stat. § 14-27.7A, stated that its structure reflects "a legitimate legislative decision that sexual intercourse or sexual acts with children deserve more severe punishment if the victim is younger or based on a greater difference in age between the victim and the older defendant." *State v. Anthony*, 351 N.C. 611, 617, 528 S.E.2d 321, 324 (2000). Accordingly, defendant's argument is without merit.

With regards to marital status, defendant argues N.C. Gen. Stat. § 14-27.7A creates an arbitrary distinction between married and unmarried persons. We disagree. The United States Supreme Court has indicated that sexual relations between married individuals is entitled, through the right of privacy, to heightened protection from governmental intrusion. *Griswold v. Connecticut*, 381 U.S. 479, 485-86, 14 L. Ed. 2d 510, 516 (1965) (noting the idea of allowing the "police to search the sacred precincts of marital bedrooms for telltale signs of the use of contraceptives [to be] repulsive to the notions of privacy surrounding the marriage relationship"). In excepting married individuals from criminal liability under N.C. Gen. Stat. § 14-27.7A, our Legislature chose to respect this right of privacy by acknowledging that marriage closes the bedroom door. Moreover, it would be incongruous for our statutory scheme to allow an individual 14-16 years of age to marry another under certain circumstances without reference to the age difference between them,[1] yet criminalize the consummation of that marriage under N.C. Gen. Stat. § 14-27.7A. Because the decision to distinguish sexual acts between

---

1. *See* N.C. Gen. Stat. § 51-2.1 (2001).

married individuals from sexual acts between unmarried individuals is rational and not arbitrary, defendant's argument must fail.

Defendant argues N.C. Gen. Stat. § 14-27.7A violates his due process rights because potential or actual offenders have insufficient notice of the severity of the sanctions incurred for the offense. In actuality, the terms of N.C. Gen. Stat. § 14-27.7A clearly set out that the offense is classified as a class B1 felony as well as the elements which constitute the offense. Accordingly, defendant's argument is more correctly one of ignorance of the law. This Court has previously considered this defense: "it is axiomatic that 'ignorance or mistake of law will not excuse an act in violation of the criminal laws.' Therefore, defendant's claim is legally without basis (as well as being utterly preposterous) because ignorance of the law is not a valid defense." *State v. Rogers*, 68 N.C. App. 358, 385, 315 S.E.2d 492, 510-11 (quoting 21 Am. Jur. 2d, Criminal Law § 142, p. 278 (1981)). Accordingly, this assignment of error is overruled.

IV. Testimony of LuAnn Angell

[5] During the presentation of the State's evidence, the trial court allowed LuAnn Angell ("Nurse Angell"), a registered nurse, to testify concerning when the victim conceived the child. Because defendant failed to object to this testimony at trial, defendant asserts the trial court committed plain error because Nurse Angell was unqualified to give such testimony because she lacked the requisite expertise and because she was never qualified as an expert.

Plain error is " '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . grave error which amounts to [or results in] a denial of a fundamental right . . . a miscarriage of justice or . . . the denial to appellant of a fair trial[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)) (emphasis in original). "The plain error rule applies only in truly exceptional cases. Before deciding that an error by the trial court amounts to 'plain error,' the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986). Defendant asserts a different result would have been reached absent Nurse Angell's testimony.

The record reveals Nurse Angell testified that (1) a pregnancy test was administered and came out positive, (2) the date of conception,

using information obtained from the victim and two sonograms, was in late December, and (3) the date of birth was 1 September 1999. That the victim became pregnant is undisputed and clear from the record. The testimony concerning the date of conception, if anything, favored defendant. A birth date of 1 September would, ordinarily, indicate a conception date of early December; the testimony of Nurse Angell indicated the date of conception to be in late December, closer to when defendant and the victim were married and, therefore, beyond the criminal consequences of N.C. Gen. Stat. § 14-27.7A. Regardless, it is well-known that a typical pregnancy has a duration of nine months. Finally, the date of birth is uncontroverted. Accordingly, even absent Nurse Angell's testimony, nothing in the record supports the contention that a different result would have been reached. This assignment of error is overruled.

V. Testimony of Detective Stephens

[6] Finally, defendant asserts the trial court committed plain error by allowing Detective Stephens to testify regarding defendant's refusal to cooperate with interviews and appointments with officers. Defendant argues this testimony allowed the State to elicit harmful implications from defendant's refusal of opportunities for consensual interviews in violation of his right to remain silent. U.S. Const. amend. V; N.C. Const. art. I, § 23. In fact, while Detective Stephens did indicate defendant did not attend an appointed in-person interview, his testimony made clear defendant initiated phone calls to Detective Stephens on two separate occasions. The remainder of Detective Stephens' testimony merely explained the method of communication between defendant and himself as well as the information conveyed by defendant to Detective Stephens in the conversations initiated by defendant before he was taken into custody.

Assuming *arguendo* the right to remain silent is applicable in this context, it is clear from the record that defendant, by initiating the phone calls to Detective Stephens about which he testified, never invoked this right. Moreover, under plain error review, "the appellate court must be convinced that absent the error the jury probably would have reached a different verdict[]" in order for defendant to prevail. *Walker*, 316 N.C. at 39, 340 S.E.2d at 83. We find no error, much less plain error, in the trial court allowing the testimony of Detective Stephens.

The trial of defendant was free of reversible error.

No error.

Judges McCULLOUGH and TYSON concur.