STATE OF NORTH CAROLINA v. MARCUS JOVAN CLARK

No. COA02-1658

(Filed 18 November 2003)

**1. Confessions and Incriminating Statements— noncustodial interrogation—defendant's age—statutory rape—Miranda warnings not required**

The trial court did not err in a statutory rape case by concluding that defendant's responses to questions asked by the police about his age were not given while in custody and thus did not require Miranda warnings, because: (1) defendant was questioned at home in his living room as part of the investigatory process prior to being charged or arrested; and (2) defendant's freedom of movement was not restrained to the degree normally associated with a formal arrest and he was made aware that he was not under arrest or in custody.

**2. Evidence— hearsay—admission by party-opponent**

The trial court did not err in a statutory rape case by concluding that defendant's responses to questions asked by the police about his age were not inadmissible hearsay because the

statements were admitted not as statements against penal interest, but instead as an admission of a party-opponent.

### 3. Constitutional Law— equal protection—statutory rape— marital status

North Carolina's statutory rape law under N.C.G.S. § 14-27.7A(a) does not violate equal protection even though it exempts married couples.

Appeal by defendant from judgment entered 18 September 2002 by Judge J. B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 9 October 2003.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Anne M. Middleton, for the State.*

*Massengale & Ozer, by Marilyn G. Ozer, for defendant-appellant.*

HUNTER, Judge.

Marcus Jovan Clark ("defendant") appeals from a judgment dated 18 September 2002 entered consistent with a jury verdict finding him guilty of statutory rape. Consequently, defendant was sentenced to a minimum term of imprisonment of 144 months and a maximum term of 182 months. As defendant's responses to questions asked by the police about his age were not given while in custody and were admissible as admissions of a party-opponent, and further North Carolina's statutory rape law has been held to not violate equal protection based upon marital status, we conclude there was no error in defendant's trial.

The evidence presented at trial tends to show Mercedes Pettiford ("Pettiford") and defendant had sexual intercourse while she was twelve and thirteen years old between the fall of 1999 and August 2000. This occurred while the two were engaged in a relationship as boyfriend and girlfriend. Defendant had told Pettiford he was sixteen years old and a student at Orange High School. The evidence also shows Pettiford and defendant were not married.

Detective Brett L. Currie ("Detective Currie"), of the Burlington Police Department, testified that he received a report from Pettiford's mother that her daughter had been having sex with a male she reported to be twenty-two years old named Marcus Clark. Detective Currie, dressed in casual slacks and a casual shirt while dis-

playing a police badge and handcuffs, visited defendant at defendant's house. Detective Currie told defendant that he was not under arrest or in custody and that he needed to talk to defendant about a case he was investigating.

At trial, on direct examination, the State asked Detective Currie if he had requested defendant to provide his age; defendant objected on grounds that the statement was incriminating evidence elicited in violation of defendant's *Miranda* rights and further that defendant's response to the detective's questioning was inadmissible hearsay. On *voir dire*, Detective Currie testified that he visited defendant at defendant's home on 6 July 2001, the conversation lasted approximately one hour, and that he told defendant that he was not under arrest or in custody. The interview occurred in defendant's living room and defendant was not restrained in any way. Defendant gave his date of birth as 29 July 1980 and stated he was twenty years old. Detective Currie had no plans to arrest defendant and did not arrest defendant after the interview. The trial court overruled defendant's objections and allowed Detective Currie to testify about defendant's statements regarding his age before the jury.

Based on his statements to Detective Currie, defendant was charged, under N.C. Gen. Stat. § 14-27.7A(a), with engaging in vaginal intercourse with another person who is thirteen, fourteen, or fifteen years old and defendant was at least six years older than the person, except when the defendant is lawfully married to the person. *See* N.C. Gen. Stat. § 14-27.7A(a) (2001).

The issues are whether: (I) defendant's statements to Detective Currie regarding his age are admissible (A) under *Miranda*, and (B) under the admission of a party-opponent exception to the hearsay rule; and (II) Section 14-27.7A(a) violates equal protection by distinguishing between married and unmarried persons.

At the outset, we note that throughout his brief and during oral arguments before this Court, defendant asserted that this Court should consider his arguments in light of the severity of the sentence mandated for the offense charged, based on the fact that he and the victim were engaged in what defendant describes as a consensual relationship. Defendant was convicted of engaging in vaginal intercourse with a person who is thirteen, fourteen, or fifteen, and defendant was at least six years older than the person, which is classified as a B1 felony. *See* N.C. Gen. Stat. § 14-27.7A(a). Thus, defendant was subject to the same punishment as if he had committed first degree

forcible rape. *See* N.C. Gen. Stat. § 14-27.2 (2001). Although, this offense does carry a very severe punishment for an offense not requiring proof of force or a lack of consent, this is an issue for the legislature and not the courts. Furthermore, this Court has previously held that the sentencing scheme under Section 14-27.7A, "reflects a rational legislative policy and is not disproportionate to the crime" and is therefore constitutional. *State v. Anthony*, 133 N.C. App. 573, 578, 516 S.E.2d 195, 198 (1999), *aff'd*, 351 N.C. 611, 528 S.E.2d 321 (2000).

## I.

Defendant first contends that his statement to Detective Currie about his age was inadmissible as he was entitled to *Miranda* warnings before making an incriminating statement. Defendant further contends that Detective Currie's testimony was inadmissible hearsay.

## A.

[1] Defendant argues that he was entitled to *Miranda* warnings prior to answering questions about his age as Detective Currie knew or should have known his question would elicit an incriminating response. Defendant cites *State v. Locklear*, 138 N.C. App. 549, 531 S.E.2d 853 (2000), as controlling in this case. We disagree.

In *Locklear*, the defendant was arrested and charged with statutory rape. *Id.* at 550, 531 S.E.2d at 854. During the booking process, in response to a question from a police officer the defendant gave his age. *Id.* at 550-51, 531 S.E.2d at 854. This Court held that although *Miranda* does not usually apply to the gathering of routine biological information during the booking process, where the police know or should know the requested information is reasonably likely to be incriminating under the circumstances, a defendant is entitled to receive *Miranda* warnings. *Id.* at 551, 531 S.E.2d at 855. In that case, as the defendant was also charged with statutory rape, his age was consequently an essential element of the crime, and thus the defendant was entitled to *Miranda* warnings. *Id.* at 552, 531 S.E.2d at 855.

In *Locklear*, however, there was no question that the defendant was in custody. *See id.* at 551, n.3, 531 S.E.2d at 855, n.3. He had been arrested, charged, and was in the process of being booked. *Id.* at 550, 531 S.E.2d at 854. In the case *sub judice*, defendant was questioned at home in his living room as part of the investigatory process prior to being charged or arrested. *Miranda* only applies to custodial interro-

gation. *See State v. Buchanan*, 353 N.C. 332, 337-38, 543 S.E.2d 823, 826-27 (2001). Thus, the question in this case is whether defendant was in custody during his questioning by Detective Currie. *See id.* at 337, 543 S.E.2d at 827. A defendant is in custody for purposes of *Miranda* if, based on the totality of the circumstances, there is "a 'formal arrest or a restraint on freedom of movement to the degree associated with a formal arrest.' " *Id.* at 339, 543 S.E.2d at 828.

Here, defendant was interviewed in his living room and Detective Currie told him that he was not under arrest or in custody and defendant was not restrained in any way. Therefore, defendant's freedom of movement was not restrained to the degree normally associated with a formal arrest and he was made aware that he was not under arrest or in custody; nor was defendant placed under arrest following the interview. Thus, we conclude defendant was not in custody for purposes of *Miranda* and was therefore not entitled to receive *Miranda* warnings. Accordingly, admission of defendant's statement regarding his age was not a violation of his right against self-incrimination.

## B.

**[2]** Defendant next contends that his statements about his age were inadmissible hearsay as they do not fit under the statement against penal interest exception to the hearsay rule. The record in this case, however, reveals the statements were admitted not as a statement against penal interest, but instead as an admission of a party-opponent.

Rule 801(d) of the North Carolina Rules of Evidence provides that "[a] statement is admissible as an exception to the hearsay rule if it is offered against a party and it is . . . his own statement . . . ." N.C. Gen. Stat. § 8C-1, Rule 801(d) (2001). As such, defendant's statements regarding his age to Detective Currie were admissible under an exception to the hearsay rule as admissions by a party-opponent. *See State v. White*, 131 N.C. App. 734, 743, 509 S.E.2d 462, 468 (1998).

## II.

**[3]** Defendant finally asserts that Section 14-27.7A(a) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it exempts married couples. This Court has, however, previously addressed this very issue in *State v. Howard*, 158 N.C. App. 226, 232-33, 580 S.E.2d 725, 730-31 (2003). In that case, this Court held that the exemption for married couples from the statutory rape law did not violate equal protection. *Id.*

Defendant further argues that the United States Supreme Court's landmark decision in *Lawrence v. Texas*, 538 U.S. 558, 156 L. Ed. 2d 508 (2003), striking down Texas' sodomy law and recognizing the rights of unmarried adults to engage in consensual sex should control this case. Defendant, however, ignores the fact the *Lawrence* Court expressly noted that case did not involve minors or those "persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." *Id.* at ——, 156 L. Ed. 2d at 525. Therefore, *Lawrence* does not control the case at bar. Thus, we reject defendant's assignment of error on this issue.

No error.

Judges McGEE and CALABRIA concur.