STATE OF NORTH CAROLINA
v.
JOSHUA LEWIS KAREEM MCLAURIN
No. COA09-59
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General R. Kirk Randleman, for the State.
Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.
BRYANT, Judge.
Joshua Lewis Kareem McLaurin ("defendant") appeals from judgment entered upon a jury verdict finding him guilty of first-degree statutory rape. We find no error.

Facts
On 10 December 2007, defendant was indicted for one count of first degree statutory rape pursuant to N.C. Gen. Stat. § 142-7.2(a)(1) (2007). Under this statute, a defendant is guilty of rape in the first degree if the defendant engages in vaginal intercourse with a child who is under age thirteen and the defendant is at least twelve years old and is at least four years older than the victim. Id. Force is not an element of the offense. Id.
Defendant was tried during the 8 April 2008 Criminal Session of Davidson County Superior Court, and a jury found defendant guilty on 9 April 2008. At sentencing, the trial court found the existence of four mitigating factors and no aggravating factors and concluded that the mitigating factors outweighed the aggravating factors. Thereafter, the trial court imposed a sentence of 144 to 182 months active imprisonment, the lowest possible mitigated sentence for defendant's Class BI felony and prior record level of I. From the judgment, defendant gave timely written notice of appeal.
Evidence from trial establishes the following factual background. On 8 October 2007, E.P.[1] arrived home from work around 5:00 p.m. and discovered her twelve-year-old daughter, A.P., on the back porch of their apartment with a boy. E.P. testified that A.P. was sitting on the boy's lap, making an up and down motion, as if the two were having sex. After discovering the two, E.P. ordered her daughter inside. She also noticed that both had their clothes on, but when her daughter climbed off defendant, E.P. noticed that her daughter's pants were lowered, that defendant's pants were unzipped, and that his penis was erect. At the time, E.P. did not know who the boy was, but later learned that the boy was defendant.
After they went inside, defendant left. E.P. talked to her daughter about the situation, but A.P. would not cooperate with her mother and would not give away defendant's identity. Nonetheless, E.P. called the Thomasville Police Department and explained what had happened. E.P. also instructed A.P. not to see defendant again and told A.P. that she was grounded.
E.P. eventually learned defendant's identity, and she went to the Thomasville Police Department to file a report on 22 October 2007. E.P. gave a statement to Detective Larry Pugh, in which she described what she had witnessed on 8 October 2007. When E.P. returned home, defendant was sitting on the back porch with her daughter. E.P. told defendant the police department was looking for him.
Finally, E.P. testified that A.P. had run away several times. She could not recall all the dates but admitted that she had filed at least four missing person reports regarding her daughter. At the time of trial, A.P. had run away again, and E.P. did not know A.P.'s whereabouts. Further, E.P. admitted that she told Detective Pugh that she had disciplinary problems with her daughter.
Detective Pugh also testified at trial. After determining the identity of defendant, he arranged a meeting with defendant and defendant's mother, Keesha McLaurin. Defendant gave Detective Pugh a statement regarding his involvement with A.P. In the statement, defendant admitted to having sex with A.P. on 8 October 2007 but explained that he thought she was fifteen years old. Defendant also admitted that he was seventeen years old and that his date of birth was 1 August 1990.
Defendant testified in his defense at trial and admitted that he was seventeen years old. He testified that he was in the tenth grade at Thomasville High School when he met A.P. for the first time. Defendant met A.P. on 5 October 2007 after school. A.P. gave defendant her phone number, and the two talked on the phone briefly. Defendant testified that A.P. invited him to her home and told him that she was fifteen. Defendant went to A.P.'s house around 2:30 p.m. on 8 October 2007. When he arrived, A.P. was home alone with her best friend, KeKe, and KeKe's brother. The group sat on the back porch for a while talking to each other, but at some point, KeKe and her brother left.
After the others left, A.P. "came on" to defendant and became "aggressive." Defendant testified that he "responded back." According to defendant, this went on for a few hours. A.P. then unzipped his zipper and got on top of him, and they began having sex. Defendant further testified that he had put a condom on as she was pulling down her pants. While they were having sex, A.P.'s mother came home and saw them. E.P. ordered her daughter inside and told defendant to leave. According to defendant, neither A.P., nor her mother, told him that A.P. was twelve. Defendant testified that he believed A.P. was fifteen.
On appeal, defendant argues only one of his assignments of error. Defendant contends that the sentence in his case violates the prohibition on cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 27 of the North Carolina Constitution. Defendant argues that the sentence imposed by the trial court was excessive and grossly disproportionate to the severity of the crime of which he was convicted, given the facts of the case.
In response to defendant's argument, the State contends that defendant failed to object to his sentence at trial on constitutional grounds and thus has waived appellate review of this argument. We agree with the State's assertion. In a recent case involving a similar Eighth Amendment challenge, we stated that "[i]t is well-established that appellate courts ordinarily will not pass upon a constitutional question unless it was raised and passed upon in the court below." State v. Cortes-Serrano, ___ N.C. App. ___, ___, 673 S.E.2d 756, 765 (2009) (citing State v. Hunter, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982); State v. Dorsett, 272 N.C. 227, 229, 158 S.E.2d 15, 17 (1967)). Here, defendant did not object to his sentence on Eighth Amendment grounds, and the trial court therefore did not have an opportunity to pass upon this issue. Thus, defendant did not preserve this issue for appellate review.
However, even assuming arguendo that defendant had preserved this issue for appellate review, we do not find that it violates the constitutional ban on cruel and unusual punishment. We have previously upheld the constitutionality of the sentencing scheme under N.C. Gen. Stat. § 14-27.7A (2007). See State v. Clark, 161 N.C. App. 316, 318-19, 588 S.E.2d 66, 67 (2003), appeal dismissed and disc. review denied, 358 N.C. 157, 593 S.E.2d 81 (2004); State v. Anthony, 133 N.C. App. 573, 578, 516 S.E.2d 195, 198 (1999), aff'd, 351 N.C. 611, 528 S.E.2d 321 (2000). This statute defines the offense of statutory rape involving a victim who is thirteen, fourteen, or fifteen years old. Similar to a violation of N.C. Gen. Stat. § 14-27.2(a)(1), a violation of N.C. Gen. Stat. § 142-7.7A (a) is a Class B1 felony and is a "statutory" offense, of which force is not an element.
In Anthony, we stated that "[t]his statutory scheme, calibrating sentence severity to the gravity of the offense, reflects a rational legislative policy and is not disproportionate to the crime." Anthony, 133 N.C. App. at 578, 516 S.E.2d at 198. Accordingly, we find that defendant's sentence under N.C. Gen. Stat. § 14-27.2(a)(1) is constitutional.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).
NOTES
[1] Initials have been used to protect the identity of the minor.